IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOANNA M. BUFKIN and
MICHAEL S. MCDOWELL                                                        PLAINTIFFS

V.                                                    CAUSE NO. 3:18-cv-00318-HTW-LRA

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA and
JOHN DOES 1-10                                                              DEFENDANTS

**ORDER**

BEFORE THIS COURT is a *Motion to Dismiss* [Docket no. 7] filed by Defendant The Prudential Insurance Company of America (hereinafter referred to as "Prudential"). Prudential filed its Motion to Dismiss under Rule 12(b)(6) [1] of the Federal Rules of Civil Procedure, requesting that this Court dismiss Plaintiffs' Complaint [Complaint, Docket no. 2, pp. 4-8] with prejudice. In support of its Motion to Dismiss, Prudential alleges that Plaintiffs' Complaint asserts only state law claims, which are preempted here because, says Prudential, this action must be constructed under the Employee Retirement Income Security Act of 1974[2] ("ERISA"), an enactment authorized by the United States Congress. Accordingly, continues Prudential, the Complaint, *sub judice*, fails to state any state law claims against Prudential upon which relief can be granted.

---

[1] (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: … 6) failure to state a claim upon which relief can be granted;
    Fed. R. Civ. P. 12

[2] 29 U.S.C.A §§ 1001 et seq.
Congress enacted ERISA in 1974 to establish a uniform system of federal regulation over employee benefit plans and the persons who manage them. *See generally* § 9:17. The Application of ERISA to Group Insurance Claims, Bad Faith Actions Liability & Damages § 9:17 (2d ed.)

1

Plaintiffs, Joanna M. Bufkin ("Bufkin") and Michael S. McDowell ("McDowell") (hereinafter collectively referred to as "Plaintiffs"), in their Response to Prudential's Motion to Dismiss [Docket no. 9], contend otherwise and deny that their pleading triggers ERISA jurisprudence. Plaintiffs further contend, as a precaution, that if this Court finds their Complaint to be insufficient to survive a Rule 12(b)(6) analysis, this Court should grant Plaintiffs leave to amend their assertions and causes of action.

For the reasons set forth below, this Court DENIES IN PART and GRANTS IN PART Prudential's Motion to Dismiss [Docket no. 7].

## I. PREAMBLE

The question presented herein is whether Plaintiffs' state law claims for death benefits under a life-insurance policy issued by Prudential are preempted by ERISA. Plaintiffs allege that their claims are not preempted by ERISA because: (1) the policy of insurance at issue here is not an "employee benefit plan" under ERISA; and (2) Plaintiffs' have alleged state law claims against Prudential based upon state laws which are "saved" from federal preemption.

## II. THE PARTIES

Bufkin is an adult resident citizen of Hinds County, Mississippi [Compl. ¶1]. Bufkin is a named beneficiary under the life-insurance policy issued by Prudential, which is the subject of this dispute.

McDowell is an adult resident citizen of Los Angeles County, California [Compl. ¶2]. McDowell, too, is also a named beneficiary under the life insurance policy at issue in this matter.

Prudential is a foreign corporation doing business in the State of Mississippi and organized under the laws of the State of New Jersey with its principal address in Newark, New Jersey [Compl. ¶3].

Plaintiffs also name as Defendants, John Does 1-10 (" John Doe Defendants") as "persons or entities affiliated with Defendant Prudential and/or have acted in concert with Prudential, whose identities are currently unknown." [Compl. ¶4]. This Court ignores the "presence" of the John Doe Defendants on any jurisdictional question in this matter. Title 28 U.S.C. § 1441(b)(1)[3] explains: "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) ... the citizenship of defendants sued under fictitious names shall be disregarded." *Chapman v. Kroger Ltd. Partn.*, 3:11-CV-688 HTW-LRA, 2012 WL 775812, at *2 (S.D. Miss. Mar. 7, 2012).

### III. PROCEDURAL BACKGROUND

On April 17, 2018, Plaintiffs filed their Complaint against Prudential in the Circuit Court for the First Judicial District of Hinds County, Mississippi, Cause No. 25CI1:18-cv-00218-JAW. Plaintiffs' State Complaint asserted claims against Prudential for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) negligence; (4) gross negligence; (5) bad faith and tortuous breach of contract; (6) misrepresentation; (7) promissory estoppel; (8) equitable estoppel; and (9) vicarious liability [*See generally* Compl.].

---

[3] Title 28 U.S.C. § 1441(a) states:
  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

On May 17, 2018, Prudential removed this lawsuit from the Circuit Court of Hinds County, Mississippi, to this Court. This Court, said Prudential in its Notice of Removal [Docket no. 1], has jurisdiction over this matter until Title 28 U.S.C. §§ 1332[4], 1441, and 1446[5]

### IV.    FACTS

As alleged beneficiaries of a life-insurance policy issued by Prudential, Plaintiffs brought forth this action to recover death benefits, which Plaintiffs allege were wrongfully denied to them by Prudential. Below is a summary of the pertinent events which led to this lawsuit.

Mrs. Joanne C. Mohrman (hereinafter referred to as "Mrs. Mohrman" was an employee of Prudential until late 2001 and a participant in Prudential's Employee Benefit Group Plan (hereinafter referred to as "the Group Plan"), which provided Mrs. Mohrman life-insurance coverage with a death benefit amount of $288,000 [Compl. ¶ 7; *See generally* Exhibits A-C]. The Group Plan was maintained and administered by Prudential to provide its employees with *inter alia*, life insurance [*See generally* Ex. A and Ex. B]. As the "Plan Sponsor" and "Plan Administrator", Prudential issued the group- insurance coverage, administered the Group Plan, and among other things, supplied claim forms to employees, maintained claims records, processed claims, and determined benefits [Compl. ¶ 7; Exhibit A at pp. 29-30; Exhibit B at p. 36].

---

[4] Title 28 U.S.C. § 1332 states:
 **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—
   **(1)** Citizens of different States; …

[5] Title 28 U.S.C. § 1446(b)(1) states:
 The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

At the end of Mrs. Mohrman's employment with Prudential, Prudential offered Mrs. Mohrman the option to either continue coverage under the Group Plan as a "portable participant" or to covert that coverage into an individual-life policy [Compl. ¶ 7; Exhibit D]. Prudential's Group Universal Life Insurance Option Election Form ("Option Form") explained to Mrs. Mohrman that "[she] may continue the same amount of coverage that was in force on the last day of [her] active service." [Compl. ¶ 7; Exhibit D]. at p. 2 ¶ 1]. The Option Form clarifies that "[p]ortable participants are billed quarterly, and are subject to all rate changes that apply to the active participants." *Id*.

Mrs Mohrman elected to continue her insurance coverage under the Group Plan after her employment with Prudential had ended in 2001 [Compl. ¶ 7; Exhibit D][6].

Plaintiffs' Complaint alleges:

> Joanne C. Morhman (Mrs. Mohrman) was the named insured of a universal life insurance policy issued by Prudential [Compl. ¶7].
>
> Mrs. Mohrman…applied for Prudential's Electronic Funds Transfer ("EFT") payment method to ensure the payment of her insurance premiums [Compl. ¶8].
>
> …Mrs. Mohrman received a notice from Prudential that her EFT application had been processed and would be used to initiate an EFT deduction on her "next payment" [Compl. ¶10].
>
> Mrs. Mohrman reasonably relied on the notice and reasonably believed that the premiums due under her policy would be paid by an EFT reduction [Compl. ¶10].
>
> …Prudential…canceled her insurance policy for failure to pay the premium. Prudential claimed premiums owed had not been paid by EFT deduction [Compl. ¶12].
>
> At all times prior to her death, Mrs. Mohrman was willing and able to pay the policy premiums and believed, in fact, that she had [Compl. ¶13].
>
> Mrs. Mohrman died on April 18, 2015 [Compl. ¶14].

---

[6] On the Option Form, Mrs. Mohrman placed a check in the box next to the following option: "Continue Group Universal Life coverage as a portable participant. I understand I will be billed quarterly for $374.40 for term coverage and an additional $3.00 for administrative fees." [Compl. ¶ 7; Exhibit D. at p. 1].

> Plaintiffs Joanna M. Bufkin and Michael S. McDowell are the named beneficiaries under the policy and are entitled to the policy's death benefits [Compl. ¶17][7].
>
> On April 30, 2015, the Administrator of Mrs. Mohrman's estate sent a copy of the Death Certificate for Mrs. Mohrman to Prudential requesting that the policy be paid to the beneficiaries [Compl. ¶15].
>
> Prudential denied payment of death benefits under the policy. The stated reason was for nonpayment of premium [Compl. ¶16].
>
> Prudential breached the universal life insurance contract by failing to pay death benefits upon the death of Mrs. Mohrman and the presentment of the beneficiaries' claim [Compl. ¶19].

Plaintiffs' Complaint does not identify the exact amount of damages sought; rather, Plaintiffs' Complaint demands, among other things:

> Payment from Prudential for all contractual benefits afforded under the subject policy, with interest at the rate provided in the policy on all amount due under the subject policy [Compl. ¶42(a)]; and
>
> Punitive and exemplary damages…sufficient to punish and deter and make an example of Prudential to discourage other insurers and their agents from engaging in such misconduct… [Compl. ¶42(e)].

## V.    REMOVAL

Title 28 U.S.C. § 1441[8] allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction". Under § 1332, Defendant's basis for removal here, the parties must be diverse in citizenship[9], a condition for federal jurisdiction met

---

[7] The Option Form instructed Mrs. Mohrman, "[s]hould you choose to continue your coverage please complete the enclosed Beneficiary Designation/Change Form."[Compl. ¶ 7; Exhibit D. at p. 1]. In the designation form, Mrs. Mohmran listed Joanna M. Buflin as the primary individual beneficiary, and Michael McDowell and Patrick McDowell as contingent beneficiaries [Compl. ¶ 7; Exhibit D. at p. 3].

[8] See footnote 3.

[9] "If the case involves more than one plaintiff and more than one defendant, the court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp. v. Ins. Co. of f. Am.*, 841 F.2d 1254, 1258 (5th Cir.1988) (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548–49 (5th Cir. Unit A Dec.1981)). (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)).

by Plaintiffs' Complaint. Section 1332 also requires that the amount in controversy exceed the sum of $75,000, exclusive of costs and interest. Plaintiffs, in their Complaint, seek to recover "all contractual benefits afforded under the subject policy, with interest…" as well as punitive damages.

The death benefit amount under the Policy is $288,000; an amount in excess of $75,000, exclusive of costs and interest; therefore, the amount in controversy requirement is met here. Even if the benefit amount under the policy was less than $75,000, the Fifth Circuit has recognized that punitive damages may be included in determining the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg,* 134 F. 3d 1250, 1253 n. 7 (5th Cir. 1998)(internal citations and quotations omitted).

As stated above, Prudential asserts that Plaintiff's claims against Prudential are preempted by ERISA, an enactment authorized by the United States Congress. Under Title 28 U.S.C. § 1331[10], Federal question jurisdiction lies where a dispute or cause of action "arises under" federal law, or federal law "creates the cause of action" pursued in the lawsuit. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001). The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

This Court notes that a defendant may not remove a civil action on the basis of a defense of less-than complete federal preemption, even if the defense is anticipated in the Complaint, and even if preemption is the only issue in the case. *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2425. *See also Gully v. First Nat'l Bank*, 299 U.S. 109, 111, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). Complete preemption by Congress, however, acts as an exception to the well-pleaded complaint. In order to exercise federal question jurisdiction, the Court must find that Congress has "so completely

---

[10] 28 U.S.C. § 1331 states:
The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

pre-empted a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 107 S.Ct. 1542 (1987). This Court finds that Plaintiffs' claims present a federal question under ERISA, which falls within this category of "complete preemption"; therefore, this Court also has subject matter jurisdiction under 28 U.S.C. § 1331.

## VI. DISCUSSION

### A. *Rule 12(b)(6) Motion to Dismiss Standard of Review*

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "This standard does not rise to the level of a probability requirement, but it demands 'more than a sheer possibility that a defendant has acted unlawfully.' " *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 1845 (2015) (quoting *Iqbal*, 566 U.S. at 678).

A plaintiff need not detail all factual allegations, but the complaint must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the court must assume all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Iqbal*, 556 U.S. at 678.

### B. *Application of ERISA*

ERISA regulates the creation and administration of employee benefit plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. Employee Retirement Income Security Act of 1974, § 2 et seq., 29 U.S.C.A. § 1001 et seq. *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004).

The United States Supreme Court has held that "[t]he 'pre-emption clause' (§ 514(a)[11] of [ERISA] provides that ERISA supersedes all state laws insofar as they "relate to any employee benefit plan…" *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 41 (1987). The Fifth Circuit has found that state law claims are preempted when: (1) the state law claim addresses areas of exclusive federal concern, and (2) the claim directly affects the relationship between traditional ERISA entities--the employer, the plan and its fiduciaries, and the participants and beneficiaries. *Memorial Hospital System v. Northbrook Life Insurance Company* 904 F.2d 236, 245 (5th Cir.1990) *See also Cypress Fairbanks Medical Center Inc. v. Pan-American Life Insurance Company*, 110 F.3d 280, 283 (5th Cir.), cert. denied, 522 U.S. 862, 118 S.Ct. 167, 139 L.Ed.2d 110 (1997); *Foley v. Southwest Texas HMO, Inc.*, 226 F.Supp.2d 886, 894 (E.D.Tex.2002).

Under 29 U.S.C. § 1132(a)(1)(B)[12], ERISA grants standing to a "participant" to bring a civil action to enforce his/her rights under the terms of a plan or to enforce the provisions of ERISA. *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1220 (5th Cir. 1992). "The term "participant" means any employee or former employee of an employer… who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer…or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C.A. § 1002(7) (West). Mrs. Mohrman, although not employed by Prudential at the time of her death, qualifies as a "former employee" for the purposes of ERISA application. Mrs. Mohrman elected to continue her insurance

---

[11] Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975. 29 U.S.C.A. § 1144(a) (West).

[12] (a)A civil action may be brought--
(1) by a participant or beneficiary….
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; 29 U.S.C.A. §1332 (a)(1)(B)(West).

coverage under Prudential's Group Plan as a "portable participant", even though she had the opportunity to convert this coverage to an individual policy; therefore, Mrs. Mohrman's beneficiaries remain eligible to enforce her status as a plan "participant".

Whether Prudential's Welfare Benefits Plan is governed by ERISA turns on whether Prudential's Group Plan constitutes an "employee benefits plan" within the meaning of ERISA. The party asserting ERISA preemption bears the burden to establish the existence of a plan which would invoke ERISA's exclusive remedy provisions. *Bank of Louisiana v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 242 (5th Cir. 2006).

Title 29 U.S.C. § 1002(a) defines "employee benefit plans" as:

> any plan . . . established or maintained by an employer . . . to the extent that such plan . . . was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of . . . death . . . .

29 U.S.C. § 1002(1).

To determine whether a life-insurance plan meets the definition of an "employee benefit plan", courts in the Fifth Circuit apply a three-part test:

> Whether a plan: (1) exists; (2) falls within the safe-harbor provision established by the Department of Labor; and (3) satisfies the primary elements of an ERISA "employee benefit plan"—establishment or maintenance by an employer intending to benefit employees.

*Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993). "If any part of the inquiry is answered in the negative, the submission is not an ERISA plan." *Id.*

**1. Does a plan exist?**

Under the first prong of the three-part test, a court "must first satisfy itself that there is in fact a plan at all." *Id.* (quoting *MD Physicians & Assocs. v. State Bd. of Ins.*, 957 F.2d 178, 183 (5th Cir. 1992)). To do so, courts "determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving

10

benefits." *Meredith*, 980 F.2d at 355 (quoting *Donovan v. Dilingham*, 688 F.2d 1372, 1373 (11th Cir.1982)). The offering of "a group policy or multiple policies covering a class of employees offers substantial evidence that a plan, fund, or program, has been established" and exists. *Donovan*, 688 F.2d at 1373. Ultimately, under this approach, a plan exists where there are intended benefits, a class of beneficiaries, a source of financing, and procedures for applying for and receiving benefits. *See Carmack v. Printpack, Inc.*, 2003 U.S. App. LEXIS 29007, at *13-14 (5th Cir. July 2, 2003).

A reasonable person could ascertain *sub judice* the intended insurance benefits under Prudential's Group Plan, and a life insurance policy, which were death benefits. Plaintiffs' Complaint clearly asserts the Plaintiffs, Bufkin and McDowell, were the intended beneficiaries under said plan, as designated by Mrs. Mohmran on Prudential's Option Form[13]. Plaintiffs further acknowledge the existence of the plan by bringing forth this lawsuit to recover benefits allegedly owed to them under the "Prudential Employee Benefit Group Plan" [*See generally*, Compl.]. The source of financing herein was through premiums paid by the employer and/or employee and submitted by employer to the insurer. To receive benefits, the claimant was required to apply for same through forms provided by Prudential. This Court, therefore, finds that the Group Plan, the policy at issue, is an "employee benefit plan".

### 2. Is the plan excluded from ERISA coverage under the Safe Harbor Provision?

This Court's finding that Prudential's Group Plan is an "employee benefit plan" does not, on its own, qualify the Group Plan as an ERISA plan. "[O]nce the Court determines that the program is an 'employee benefit plan,' it must then look to Department of Labor regulations to determine if the arrangement is one *excluded* from ERISA's coverage." *Suggs v. Pan Am. Life Ins. Co.*, 847 F. Supp. 1324, 1331 (S.D. Miss. 1994)(internal citations omitted).

---

[13] See footnote 8.

11

The United States Secretary of Labor created a regulatory safe-harbor provision, allowing an employer to escape ERISA liability if it limited its involvement to prescribed activities. *See* 29 C.F.R. § 2510.3-1(j) (1990). *See also* ERISA, § 505, 29 U.S. C. A. § 1135 (West 1985)(authorizing the Secretary to promulgate regulations interpreting ERISA). This safe-harbor provision promulgated by the Department of Labor provides that a plan is <u>not</u> an ERISA "employee welfare benefit plan" if:

>  (1) No contributions are made by an employer or employee organization;
>
>  (2) Participation in the program is completely voluntary for employees or members;
>
>  (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs; and
>
>  (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j) (1988).

The plan must meet all four of the above criteria to be exempt from ERISA under this safe-harbor provision. *Meredith*, 980 F.2d at 355. Importantly, the Department of Labor has made clear that, in order for a plan to be one excluded from ERISA's coverage, the employer's role must be limited and there must be an absence of employer involvement: "[The] requirement of employer neutrality is the key to the rationale for not treating such a program as an employee benefit plan, namely, the absence of employer involvement." 40 F.R. 34525 (Aug. 15, 1975).

This Court, upon reviewing the factors set forth above, finds that Prudential's Group Plan is not one excluded from ERISA coverage by the Department of Labor's safe-harbor provision. Among other things, there is "no absence of employer involvement" in the case at bar. *Id*. The

Group Plan provides life insurance coverage issued, managed, and administered by Prudential, as the "Plan Administrator" and "Plan Sponsor", and "benefits [under the plan] are funded by a combination of insurance, employer payments and trust funds." [Compl. ¶ 7; Exhibit A at pp. 29-30; Exhibit B at p. 36]. Prudential also maintains the right to terminate the Group Plan [Compl. ¶ 7; Exhibit A at pp. 30-31]. This Court also notes that Prudential publishes literature detailing the Group Plan under its own auspices, and that the literature itself advises participants that the Group Plan is governed by ERISA [Compl. ¶ 7; Exhibit A at pp. 37-38; Exhibit B at pp. 40-41]. This Court, therefore, finds that Prudential's Group Life Insurance Plan is subject to ERISA coverage.

### 3. **Does the plan satisfy the primary elements of an ERISA plan?**

Lastly, courts must determine whether the plan "satisfies the primary elements of an ERISA 'employee benefit plan'"—that is, whether "the plan was established or maintained by [an] employer with a purpose of providing benefits set forth in 29 U.S.C. § 1002(1)." *Suggs*, 847 F. Supp. at 1332-1333.

Prudential, Mrs. Mohrman's employer, "established or maintained" the Group Plan. To meet this requirement, "the plan fund, or program requires some control, administration, or responsibility on part of the employer." *Id*. at 1333. As stated above, Prudential issued the group-insurance coverage, administered the Group Plan, supplied claim forms to employees, maintained claims records, processed claims, and determined benefits. "[T]hus the policy in question meets the test for 'established and maintained' under applicable law." *Suggs*, 847 F. Supp. At 1333.

This Court must also find that Prudential had an "intent to provide its employees with a welfare benefit program through the purchase and maintenance of [the] group insurance policy." *Memorial Hosp. System v. Northbrook Life Ins. Co.,* 904 F.2d at 241. This Court so finds. This Group Plan, therefore, qualifies as an ERISA-controlled employee benefit plan.

### C. ERISA and Plaintiffs' State Law Claims

As noted above, ERISA's preemption clause provides that ERISA shall "supersede any and all state laws insofar as they may now or hereafter ***relate to*** any employment benefit plan." *Pilot Life, supra*.

A state law is "related to" an ERISA plan where, among other things, the remedy sought "falls" within the scope of, or is in direct conflict with, ERISA's civil enforcement provisions under § 502(a)…." *McGown v. ManPower Intern, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004). In other words, if a plaintiff "could have brought her claim under ERISA, the cause of action is completely preempted…" *Id*

In deciphering the term "relate to", the Fifth Circuit has held that "…[s]ome state actions may affect employee benefits plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Hook v. Morrison Milling Co.*, 38 F.3d 776, 781 (5th Cir. 1994). The Fifth Circuit, thus applies a two-prong test to determine whether a state law is preempted by ERISA, finding that a state law law is preempted if: (1) the claim addresses an area of exclusive federal concern; and (2) "the claim directly affects the relationship among traditional ERISA entities, (*i.e.* plan administrators/fiduciaries and plan participants/beneficiaries).". *Bank of Louisiana,* 468 F.3d at 242.

Plaintiffs set forth a multitude of claims[14], which allegedly arise primarily out of a cause of action for Prudential's alleged bad-faith denial of insurance benefits. All of Plaintiffs' claims "relate to" Plaintiffs' request for benefits under the Group Plan. This relief directly conflicts with 29 U.S.C.

---

[14] (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) negligence; (4) gross negligence; (5) bad faith and tortuous breach of contract; (6) misrepresentation; (7) promissory estoppel; (8) equitable estoppel; and (9) vicarious liability.

§ 1132 (a)(1)(B)[15], which affords beneficiaries a federal cause of action to recover benefits due under the terms of an insurance plan.

In support of their Claim for misrepresentation, Plaintiffs specifically allege that Mrs. Mohrman submitted an EFT application to have premiums deducted from her bank account and that she reasonably relied on the notice and reasonably believed that the premium due for the policy would be paid by an EFT deduction. Plaintiffs further assert that Prudential misrepresented the date when the EFT deductions would begin, causing Mrs. Mohrman to miss a payment and causing her coverage to lapse [Docket no. 11 at p. 5]. Plaintiffs allege that even if Prudential's Group Plan is an employee benefit plan under ERISA, their state causes of action do not "relate to" the plan and are thus not preempted by ERISA.

The Court in *Lee v. E.I. Du Pont de Nemours & Company* held that Plaintiffs' claims "related to" an ERISA plan when the plaintiffs' were seeking, among other things, "benefits to which they would have become entitled but for a misrepresentation by their employer..." *Lee v. E.I. DuPont de Nemours and Co.,* 894 F.2d 755 at 757 (5th Cir. 1990). *See also Ford Motor Co.*, 869 F.2d 889 (5th Cir. 1989)(holding that misrepresentation claims are preempted by ERISA).

This Court similarly finds that Plaintiffs' claim of misrepresentation is preempted by ERISA because it is "related to" an ERISA plan. Plaintiffs bring forth this cause of action to receive death benefits allegedly owed to them under an ERISA plan, as determined herein. Plaintiffs' causes of action also directly affect the relations among principal ERISA entities: the employer, Prudential; the plan, Prudential's Group Life Insurance Plan; and the Plaintiff beneficiaries.

The rest of Plaintiffs' claims are similarly subject to preemption under ERISA as they arise out of an alleged bad faith cause of action and "relate to" the alleged wrongful denial of benefits

---

[15] See footnote 13.

under Prudential's Group Plan. *E.g. Sanford v. TIAA-CREF Individuals & Institutional Servs., LLC*, 2012 U.S. Dist. LEXIS 23600 (S.D. Miss. Feb. 24, 2012)(breach of the covenant of good faith and fair dealing); *Schultz v. Progressive Health, Life, & Disability Benefits Plan*, 380 F. Supp 2d 785 n. 3 (S.D. Miss. 2005)(bad faith); *Saldana v. Aetna U.S. Healthcare*, 233 F. Supp. 2d 812, 817 (S.D. Miss. 2002)(negligence); *Ramsey v. Colonial Life Ins. Co. of Am.*, 843 F. Supp. 1103 (S.D. Miss. 1992)(bad faith); *Martin v. Prudential Ins. Co.*, 776 F. Supp. 1172 (S.D. Miss. 1991)(estopped and tortious breach of contract).

### D. *Grant of Leave to Amend Complaint*

A district court should 'freely give leave' to amend a complaint 'when justice so requires.'" *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010) (quoting Fed. R. Civ. P. 15(a)(2)). Plaintiffs' request for leave to amend is not made for undue delay, in bad faith, with dilatory motive, or guaranteed to be futile; nor has Prudential indicated that it would be prejudiced by the filing of an amended complaint. *Id.* Plaintiffs are therefore granted leave to amend their Complaint to state a possible claim under ERISA. See also *Hall v. NewMarket Corp.,* 747 F. Supp. 2d 711 (S.D. Miss. 2010)(Plaintiff whose state law claims for equitable estoppel, promissory estoppel, negligent misrepresentation, and negligent infliction of emotional distress were found to be ERISA-preempted was to be given an opportunity to seek leave to amend her complaint to state a claim for relief under ERISA).

### VII. CONCLUSION

For the reasons set forth above, the Court agrees with Prudential and finds that Plaintiffs' state law claims against Prudential are preempted by ERISA. This Court, however, denies Prudential's request for dismissal of Plaintiff's Complaint with prejudice and, instead, grants Plaintiffs leave to amend their Complaint to include an appropriate claim for benefits under this ERISA plan.

**IT IS, THEREFORE, ORDERED** that Defendant The Prudential Insurance Company of America, Inc.'s *Motion to Dismiss* [Docket No. 7] is **DENIED IN PART** and **GRANTED IN PART**. This Court **GRANTS** The Prudential Insurance Company of America, Inc.'s motion to dismiss Plaintiffs' state law claims, since the Plaintiffs' state law claims are preempted by ERISA.

**IT IS FURTHER ORDERED** that Defendant The Prudential Insurance Company of America, Inc.'s motion for dismissal of Plaintiffs' state law claims with prejudice is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs Joanna M. Bufkin and Michael S. McDowell may file an Amended Complaint within thirty (30) days of the date of this Order.

**SO ORDERED THIS THE 8th DAY OF September, 2019.**

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT JUDGE**